KLIEBERT, Judge.
Ernest L. Cooper, individually and on behalf of his minor son, Mitchell (Appellants) filed a petition in tort to recover damages from Samuel L. Brownlow and the Jefferson Levee District.[1] The trial judge dismissed the Levee District from the suit on summary judgment, ruling that it was immune from liability under the provisions of LSA-R.S. 9:2791 and 2795. The plaintiff brings this appeal. For the reasons hereafter stated, we reverse and remand for further proceeding.
On December 20, 1983 the Jefferson Levee District issued a permit authorizing Samuel L. Brownlow to construct a bonfire on the river batture between Elodie and Chris Laur Streets in the City of Harahan, provided that Brownlow abide by all rules and regulations of the local fire department and the Jefferson Levee District. Mitchell Cooper, a minor, together with friends, joined the crowd of two to three hundred people in attendance when the bonfire was lit on the evening of December 31, 1983. As midnight approached, fireworks were exploded in the area. At approximately 12:05 A.M. on January 1, 1984, as Mitchell *694 stood approximately forty feet from the bonfire, a large, firecracker exploded near his face. The identity of the person who threw the firecracker has yet to be discovered. The force of the explosion ruptured the globe of his left eye, requiring subsequent evisceration at Ochsner Foundation Hospital.
The acts of negligence allegedly committed by the Commissioners of the Levee District are:
a. [They] issued a permit to build a bonfire on December 31, 1983, when it knew, or should have known from past experience, that such an activity was dangerous;
b. [They] failed to provide supervision of the necessary personnel to control the crowd which it knew or should have known from past experience, would be large, unruly and out of control;
c. That [they] failed to prevent the use or explosion of fireworks which it knew or should have known from past experience, had been used and would be used at the bonfire authorized by it, in direct violation of the law.
d.Other acts of negligence which will be more fully developed at trial of this matter.
The Commissioners entered a general denial and a third party demand against Ernest L. Cooper and his wife. Thereafter the trial judge, with written reasons, granted the Commissioners’ motion for summary judgment stating:
“There are no material facts in dispute in this case and the applicable provisions of La.R.S. 9:2791 and 9:2795 extend to the Jefferson Levee District immunity from liability for the claims asserted by plaintiff.”
Appellant contends the trial judge erred in reaching such a determination in that the provisions of R.S. 9:2791 and 2795[2] do not *695 apply: (1) to state owned lands, and/or; (2) to levees and seawalls near heavily populated areas; and/or (3) when liability arises in part from activities other than as a landowner, such as failing to properly exercise policing authority authorized by law.[3]
Due to the posture in which the ease is presented, i.e., the granting of a motion for summary judgment and the allegations of negligence asserted by the appellant, we find it unnecessary to pass on the first two assignments of error urged by the appellant for we believe appellant’s contention that the immunity statutes do not apply where the alleged liability arises from activities other than as a landowner is correct. Hence, the granting of summary judgment was error.
As may be noted from the allegations of the petition, the law suit is not based solely on strict liability, or on the fault of the landowner in failing to maintain his property as required by LSA-C.C. Article 2315. Rather, it also alleges negligence for failure of the Levee District to carry out the policing authority which it possessed under the provisions of LSA-R.S. 38:1480 (at the time of the incident) and imposed on them by virtue of the granting of the permit and its past experience and knowledge of the size of the crowd the bonfire would draw to the area, its unruliness, and lack of control. Thus, under these allegations, negligence does not arise out of the ownership or use of the land or of the improvements constructed thereon, but rather, out of the failure of the Levee Board to properly supervise and police activities which it knew or should have known would be dangerously conducted upon the levee. A mere reading of the immunity statutes, i.e., R.S. 2791 and 2795, establishes their lack of applicability to this alleged negligence.
Therefore, not only are there material facts in dispute, (i.e., the size of the crowd, its behavior, and the knowledge, experience and policing efforts of the Commission) in addition, the trial judge erred as a matter of law in deciding that the provisions of LSA-R.S. 9:2791 and 2795 extend to liability arising out of activities arising outside of the ownership or use of the land.
For the reasons assigned, the judgment of the trial court granting the motion for summary judgment is reversed and the case remanded to the trial court for further proceedings. The cost of the appeal is to be borne by appellee.
REVERSED AND REMANDED.

. By Acts of 1984, No. 263 the Jefferson Levee District was renamed the "East Jefferson Levee District.”

. § 2791. Liability of owner or occupant of property not used primarily for commercial recreational purposes
A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.
B. This Section does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property, nor does it create any liability where such liability does not now exist. Furthermore the provisions of this Section shall not apply when the premises are used principally for a commercial, recreational enterprise for profit; existing law governing such use is not changed by this Section.
C. The word "premises” as used in this Section includes lands, roads, waters, water courses, private ways and buildings, structure, machinery or equipment thereon. Act 1964, No. 248, §§ 1-3.
§ 2795. Limitation of liability of landowner of property used primarily for recreational purposes
A. As used in this Section:
(1) "Land” means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty.
(2) "Owner” means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.
(3) “Recreational purposes" includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, sledding, snow mobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.
(4) "Charge” means the admission price or fee asked in return for permission to use lands.
(5) "Person” means individuals regardless of age.
B. Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(1) Extend any assurance that the premises are safe for any purposes.
*695 (2) Constitute such person the legal status of an invitee or licensee to whom a duty of care is ' owed.
(3) Incur liability for any injury to person or property incurred by such person.
C. Unless otherwise agreed in writing, the provisions of Subsection B shall be deemed applicable to the duties and liability of an owner of land leased for recreational purposes to the federal government or any state or political subdivision thereof or private persons.
D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Act to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care.

. R.S. 38:1480 as in effect at the time of the incident stated in part that “Jefferson Levee District Police Officers are responsible for maintaining order and exercising general police powers on and off the levees within the area of the_ District." See now generally R.S. 38:326.